UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS

CHRISTOPHER M. BROWN,                   §
                                        §
            Plaintiff,                  §
                                        §
versus                                  §     CIVIL ACTION NO. 1:17-CV-439
                                        §
EDGARDO ONG, et al.,                    §
                                        §
            Defendants.                 §

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Christopher M. Brown, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against several defendants. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the case be dismissed for failure to state a claim upon which relief may be granted. The recommendation of the magistrate judge was based on his conclusion that plaintiff's claim of deliberate indifference to serious medical needs could not be asserted in a *Bivens* action.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

In his first objection, plaintiff asserts his pleadings satisfy the elements of his medical care claim. In his Report and Recommendation, the magistrate did not conclude plaintiff failed to set forth the elements of a deliberate indifference to serious medical needs claim. Instead, the magistrate judge concluded the claim could not be pursued in a case brought pursuant to *Bivens*.

The Supreme Court previously recognized three contexts in which a *Bivens* claim could be asserted. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). If a claim does not fall within one of these three contexts, the claim may not be asserted in a *Bivens* action if there are "special factors counseling hesitation" in extending the remedy available under *Bivens* to the new context. *Ziglar v. Abbasi*, 582 U.S. 120, 136 (2017). One of the contexts recognized by the Supreme Court is a deliberate indifference to serious medical needs brought under the Eighth Amendment by a prisoner. *Carlson v. Green*, 446 U.S. 14 (1980). In *Carlson*, the claim was based on allegations that the failure to respond to an asthma attack, the administration of the wrong medication, and the failure to timely send an inmate to a hospital resulted in the inmate's death.

Plaintiff alleges his back problem was not properly treated, required surgery was not performed, and he did not receive adequate pain medication. The magistrate judge concluded these allegations differed meaningfully from those asserted in *Carlson*. As a result, the magistrate judge concluded plaintiff's claim presented a new *Bivens* context. He further concluded special factors counseled hesitation in extending the remedy to this new context.

In his second objection, plaintiff states his allegations do not present a new *Bivens* context. He states his allegations, like those asserted in *Carlson*, are based on a delay in receiving treatment (surgery).

As the magistrate judge stated, a context is new if it differs in a meaningful way from a previously recognized *Bivens* context, and the standard as to what constitutes a meaningful difference is low. The magistrate judge cited cases in which courts had concluded medical care claims that differ from the one asserted in *Carlson* presented a new *Bivens* context. One of those cases involved allegations that hernia surgery had been denied and delayed. *Rowland v. Matevousian*, 121 F.4th 1237, 1243 (10th Cir. 2024). The court agrees with the conclusion reached by the court in *Rowland* that complaints of a delay in receiving treatment or surgery present a new *Bivens* context. As plaintiff's allegations also involve a delay in receiving treatment

or surgery, they present a new *Bivens* context.  The magistrate judge therefore correctly concluded that they may not be asserted in a *Bivens* action.

Further, after reviewing plaintiff's allegations, the court is of the opinion they would not state a claim upon which relief could be granted even if they could be asserted in a *Bivens* action. The allegations, accepted as true, could support a conclusion that the defendants were negligent. Negligence, however, does not rise to the level of a constitutional violation.  *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999).

### ORDER

Accordingly, the objections filed by plaintiff in this matter (#110) are **OVERRULED**.  The findings of fact and conclusions of law set forth in the report of the magistrate judge (#64) are correct, and the report of the magistrate judge is **ADOPTED**.  A final judgment shall be entered in accordance with the recommendation of the magistrate judge.

SIGNED at Beaumont, Texas, this 11th day of May, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE